IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL BINDING CORPORATION    )
                                           )
                   Plaintiff,            )     Case No. 08-CV-3266
                                         )
       vs.                      )     JUDGE Samuel Der-Yeghiayan
                                         )
STOPOL, INC.                        )
                                         )
              Defendant.       )

## ANSWER

Defendant Stopol, Inc. ("Stopol"), through its attorneys Ulmer & Berne LLP, submits the following in response to Plaintiff's Complaint to Enforce Promissory Note:

## PARTIES, JURISDICTION AND VENUE

1.     GBC is a supplier of branded office products, including a variety of binding and laminating machines and supplies. GBC is a Delaware corporation, and maintains its principal corporate office in Northbrook, Illinois. GBC is therefore a citizen of Delaware and Illinois.

**Answer:**    Stopol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.     Stopol, Inc. buys and sells businesses, divisions, product lines, equipment and manufacturing licenses – primarily in the plastics industry. Stopol is, on information and belief, an Ohio corporation, and maintains its principal corporate office at 31875 Solon Road, Solon, Ohio 44139. Stopol is therefore a citizen of Ohio.

**Answer:**    Stopol admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.    GBC and Stopol are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

**Answer:**    Stopol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.    The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

**Answer:**    Stopol admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.    There is consequently complete diversity of citizenship between the parties, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**Answer:**    Stopol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.    The promissory note at issue in this case was deemed to have been delivered in Lincolnshire, Illinois.  Under the terms of that instrument, Stopol consented to the jurisdiction and venue of this Court.  Venue therefore lies in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) and (3).

**Answer:**    Stopol admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

## BACKGROUND

7.    GBC and Stopol entered into a Stock Purchase Agreement dates as of November 30, 2007 (the "SPA").  A true and correct copy of the SPA is attached hereto as Exhibit A, and is incorporated herein by reference.

**Answer:**    Stopol admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.    Pursuant to the SPA, GBC sold to Stopol 100% of the outstanding shares of capital stock of VeloBind Incorporated, a Delaware corporation (the "VeloBind Shares").

2

        **Answer:**      Stopol admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

    9.    In consideration for the VeloBind Shares, Stopol agreed, among other things, (i) to pay a fixed payment to GBC in the amount of $965,497.00 (the "Fixed Payment"), (ii) to market and offer for sale the assets of VeloBind Corporation via an auction to be conducted in Pleasant Prairie, Wisconsin (the "Auction") and (iii) to pay a contingent payment to GBC in the amount of 25% of the proceeds of the Auction, to the extent those proceeds exceed $1,347,500.00 (the "Contingent Payment").

        **Answer:**      Stopol admits the allegations set forth in paragraph 9 of Plaintiff's Complaint.

    10.    To evidence its obligation to make the Fixed Payment, Stopol made, executed and delivered to GBC a Promissory Note dates as of November 30, 2007 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit B, and is incorporated herein by reference.

        **Answer:**      Stopol admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.

    11.    Pursuant to the Note, Stopol promised to pay $965,497.00 (together with applicable interest) to the order of GBC. Stopol Agreed to make periodic payments on this instrument as and when it sells the Assets, with 80% of the gross sale proceeds to be allocated to such payments. Stopol further agreed to make the Fixed Payment on or before February 29, 2008 (the "Maturity Date").

        **Answer:**      Stopol admits the allegations set forth in paragraph 11 of Plaintiff's Complaint.

    12.    GBC and Stopol entered into a First Amendment to Stock Purchase Agreement dates as of February 28, 2008 (the "SPA Amendment"). A true and correct copy of the SPA Amendment is attached hereto as Exhibit C, and is incorporated herein by reference.

        **Answer:**      Stopol admits the allegations set forth in paragraph 12 of Plaintiff's Complaint.

    13.    GBC and Stopol also entered into a First Amendment to Promissory Note dated as of February 28, 2008 (the "Note Amendment"). A true and correct copy of the Note Amendment is attached hereto as Exhibit D, and is incorporated herein by reference.

**Answer:**    Stopol admits the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.    Pursuant to the SPA Amendment and the Note Amendment, the Maturity Date was extended to March 26, 2008.

**Answer:**    Stopol admits the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15.    While making some interim payments to GBC, Stopol failed to make payment in full on the Note prior to the Maturity Date.

**Answer:**    Stopol admits that it has made payments to Plaintiff and that the Note has not been paid in full, but otherwise denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.    The Maturity Date has now passed, and the Note is presently matured, due and owing.

**Answer:**    Stopol admits that the Maturity Date has passed, but otherwise denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.    As of the Maturity Date, the principal balance outstanding under the Note totaled $515,497.00.

**Answer:**    Stopol denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.    Under the terms of the Note, the unpaid balance outstanding thereunder bears interest from and after the maturity date at the rate of nine percent (9%), computed on the basis of a three hundred and sixty-five (365) day year.

**Answer:**    Stopol admits the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.    Subsequent to the Maturity Date, Stopol has made additional payments on the Note, and interest has accrued thereunder. As of May 27, 2008, and taking these payments and accruals into account, Stopol is currently indebted to GBC under the Note in the amount of

$422,717.18 (the "Outstanding Balance").   A spreadsheet itemizing and reconciling the Outstanding Balance is attached as Exhibit E hereto, and is incorporated by reference.

>       **Answer:**        Stopol admits that it has made payments to Plaintiff and that the Note has not been paid in full, but otherwise denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     Under the terms of the Note, interest continues to accrue on the unpaid Outstanding Balance.

>       **Answer:**        Stopol admits the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     Also under the terms of the Note, GBC is entitled to receive the Contingent Payment, to the extent any such payment has been earned.  As of the present date, Stopol has not provided GBC with a sufficient accounting to determine if a Contingent Payment has been earned.

>       **Answer:**        Stopol denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.     The Note provides, in pertinent part, that:

> ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OF THE OTHER OBLIGATIONS SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN THE COURTS OF THE STATE OF ILLINOIS, OR IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS; <u>PROVIDED</u> THAT ANY SUIT SEEKING ENFORCEMENT AGAINST ANY PROPERTY MAY BE BROUGHT, AT PAYEE'S OPTION, IN THE COURTS OF ANY JURISDICTION WHERE SUCH PROPERTY MAY BE FOUND. MAKER HEREBY EXPRESSLY AND IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF ILLINOIS, AND OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS FOR THE PURPOSE OF ANY SUCH LITIGATION AS SET FORTH ABOVE.

*See* Note, 3.

**Answer:**        Stopol admits the allegations set forth in paragraph 22 of Plaintiff's Complaint.

## ENFORCEMENT OF PROMISSORY NOTE

23.    Stopol signed the Note.

**Answer:**        Stopol admits the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.    Stopol delivered the Note to GBC.

**Answer:**        Stopol admits the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25.    Stopol received due and sufficient consideration from GBC for the Note, through the sale and delivery of the VeloBind Stock, as well as through the other terms of the SPA.

**Answer:**        Stopol admits the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26.    GBC accepted the Note.

**Answer:**        Stopol admits the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.    GBC is the holder of the Note, and entitled to enforce it in accordance with its terms.

**Answer:**        Stopol admits that GBC is the holder of the Note, but otherwise denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.    All conditions precedent to the enforcement of the Note, if any, have been satisfied.

**Answer:**        Stopol admits the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29.    The Outstanding Balance is matured, due and owing from Stopol to GBC without defense or offset.

**Answer:**    Stopol denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.    To the extent a Contingent Payment has become due and owing under the Note, such Contingent Payment is matured, due and owing from Stopol to GBC without defense or offset.

**Answer:**    Stopol denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

31.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

32.    Plaintiff's Complaint is barred by the doctrine of waiver.

33.    Plaintiff failed to mitigate its alleged damages.

34.    Plaintiff failed to calculate accurately the damages alleged or the amount purportedly due and owing.

35.    Stopol reserves the right to assert additional defenses as may become apparent upon discovery or further inquiry or investigation.

WHEREFORE, Defendant Stopol, Inc. requests that the Complaint be dismissed with prejudice but without an assessment of costs, and that Defendant be awarded such other and further relief as the Court deems just and proper, including, without limitation, the attorneys' fees, costs and expenses incurred by Defendant herein.

Respectfully submitted,


Joseph S. Simms (Ohio 0066584)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44114-1448
Phone: 216-583-7000
Fax: 216-583-7001
jsimms@ulmer.com
Admission *Pro Hac Vice* Pending


/s/ Kenneth F. Berg
Kenneth F. Berg (IL 3124027)
ULMER & BERNE LLP
One N. Franklin Street, Suite 1825
Chicago, Illinois 60606
Phone: 312-324-8000
Fax:   312-324-8001
kberg@ulmer.com
Local Counsel

Attorneys for Defendant
Stopol, Inc.

<u>NOTICE OF ELECTRONIC FILING</u>

      I hereby certify that the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.


            \s\Kenneth F. Berg
          ULMER & BERNE LLP

          One of the Attorneys for Defendant

1726315v1
21033.00027