**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GENERAL BINDING CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-3266 |
| | ) | |
| **STOPOL, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT JURISDICTIONAL STATUS REPORT

Plaintiff General Binding Corporation ("GBC") and Defendant Stopol, Inc. ("Stopol") (collectively, the "Parties"), by their undersigned attorneys and pursuant to the Court's standing order, hereby make and file this, their Joint Jurisdictional Status Report and state:

### I. Subject Matter Jurisdiction

The parties in this case are completely diverse. General Binding Corporation ("GBC") is a Delaware corporation with a date of incorporation of March 7, 1966. *See* attached Exhibit 1; *see also* Declaration of John F. Moynihan In Support of Joint Jurisdictional Status Report ("Moynihan Declaration") at ¶ 4. GBC's principal executive offices have been located in the State of Illinois since 1978. Moynihan Declaration at ¶ 5. Stopol, Inc. is an Ohio corporation with a date of incorporation of December 9, 1991. *See* Stopol Certificate of Incorporation (a true and accurate copy of which is attached hereto as Exhibit 2); *see also* Affidavit of Neil Kruschke, Jr. In Support of Joint Jurisdictional Status Report ("Kruschke Affidavit") at ¶ 3. Stopol's principal executive offices have been located in the State of Ohio since December 9, 1991. Kruschke Affidavit at ¶ 4.

The amount in issue in this case is greater than $75,000.00. This case relates to a promissory note (the "Note") given to GBC by Stopol in the principal amount of $965,497.00. Moynihan Declaration at ¶ 8. A true and accurate copy of the Note is attached to the Moynihan Declaration as Exhibit B. In the complaint filed in this matter (the "Complaint"), GBC alleges that, after giving Stopol the proper credits to its account, GBC is owed at least $422,717.18. *See* Moynihan Declaration at ¶ 8. A statement of account indicating the payments, credits, and balances is attached to the Moynihan Declaration as Exhibit C.

The Parties submit, therefore, that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## II. Venue (Plaintiff's Position)[1]

The Note provides, in pertinent part, that:

> ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OF THE OTHER OBLIGATIONS SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN THE COURTS OF THE STATE OF ILLINOIS, OR IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS; PROVIDED THAT ANY SUIT SEEKING ENFORCEMENT AGAINST ANY PROPERTY MAY BE BROUGHT, AT PAYEE'S OPTION, IN THE COURTS OF ANY JURISDICTION WHERE SUCH PROPERTY MAY BE FOUND. MAKER HEREBY EXPRESSLY AND IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF ILLINOIS, AND OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS FOR THE PURPOSE OF ANY SUCH

---

[1] Pursuant to this Court's order, Section II is prepared solely by the Plaintiff and will not be deemed admissions by the Defendant.

2

LITIGATION AS SET FORTH ABOVE.

Note at 3; *see also* Moynihan Declaration at ¶ 7.  Plaintiff, GBC, submits that this forum

selection clause is valid and enforceable against the parties.  *See, e.g., IFC Credit Corp. v. Aliano*

*Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609-610 (7th Cir. 2006) (citing *Northwestern Nat'l*

*Ins. Co. v. Donovan*, 916 F.3d 372, 376 (7th Cir. 1990)).  Plaintiff asserts, therefore, that

jurisdiction and venue are proper in this Court.


**Respectfully submitted,**

GENERAL BINDING CORPORATION                STOPOL, INC.


By: /s/ Jeffrey Chang                                              By: /s/ Joseph S. Simms
      One of its Attorneys                                           One of its Attorneys

Jonathan W. Young (#06204590)                         Kenneth F. Berg (#3124027)
     *Trial Counsel*                                                     *Trial Counsel*
Jeffrey Chang (#06292539)                                 ULMER & BERNE LLP
WILDMAN, HARROLD, ALLEN & DIXON LLP       1 North Franklin Street
225 West Wacker Drive                                      Suite 1825
Chicago, Illinois, 60606                                    Chicago, Illinois, 60606
Phone: 312-201-2000                                         Phone: 312-324-8006
E-Mail: young@wildman.com                              E-Mail: kberg@ulmer.com
      jchang@wildman.com

*Attorneys for General Binding Corporation*           - *and* -

Joseph S. Simms (Ohio Bar No. 0066584)[2]
ULMER & BERNE LLP
1660 West 2nd Street
Suite 1100
Cleveland, Ohio, 44113
Phone: 216-583-7000
E-Mail: jsimms@ulmer.com

*Attorneys for Stopol, Inc.*

---

[2] Mr. Simms has been admitted *pro hac vice* to the Northern District of Illinois for the purposes of this action. *See* Doc. No. 16.

3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GENERAL BINDING CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-3266 |
| ) | |
| **STOPOL, INC.,** ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF JOHN F. MOYNIHAN IN SUPPORT OF JOINT
JURISDICTIONAL STATUS REPORT**

John F. Moynihan declares, pursuant to 28 U.S.C. § 1746 as follows:

1.      My name is John F. Moynihan.  I am over 21 years of age, of sound mind, and fully competent to make this declaration.  I am an attorney licensed to practice in the State of Illinois and employed by ACCO Brands Corporation ("ACCO") as its Senior Corporate Counsel. I have personal knowledge of the facts contained herein.

2.      General Binding Corporation ("GBC") is a wholly-owned subsidiary of ACCO, and was acquired by ACCO on August 17, 2005. A true and accurate copy of a Certificate of Merger (the "Certificate") is attached to this Declaration as Exhibit A.

3.      The Certificate is kept in ACCO's legal department in the ordinary course of ACCO's business, and it is ACCO's ordinary course of business to keep such documents as the Certificate.

4.      Based on my personal knowledge, as corroborated by the Certificate, GBC is a Delaware corporation.

5.      GBC's principal executive offices were located at 1 GBC Plaza, in Northbrook,

Illinois between 1978 and 2006. GBC's principal executive offices moved to 300 Tower Parkway in Lincolnshire, Illinois in January 2006.

6.    I am familiar with the promissory note (the "Promissory Note") at issue in this case, and was involved in the negotiation and execution of the same. A true and accurate copy of the Promissory Note is attached hereto as Exhibit B.

7.    The Promissory Note reflects the agreement between GBC and Stopol, Inc. ("Stopol") that litigation based thereon would be brought in the courts of the State of Illinois or in the United States District Court for the Northern District of Illinois. Furthermore, Stopol expressly and irrevocably submitted to the jurisdiction of the courts of the State of Illinois and the United States District Court for the Northern District of Illinois.

8.    The Promissory Note given to GBC by Stopol was in the original principal amount of $965,497.00. To date, and allowing Stopol all just credits, GBC is owed at least $422,717.18. A statement of account indicating the payments, credits, and balances is attached hereto as Exhibit C and is incorporated herein by reference.

I hereby certify pursuant to 11 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2008

John F. Moynihan
Senior Corporate Counsel
ACCO Brands Corporation

2

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:16 PM 08/16/2005
FILED 05:11 PM 08/16/2005
SRV 050677255 - 0638109 FILE

CERTIFICATE OF MERGER
of
GEMINI ACQUISITION SUB, INC.
(a Delaware Corporation)
with and into
GENERAL BINDING CORPORATION
(a Delaware Corporation)

Pursuant to Section 251 of the
General Corporation Law of the State of Delaware

General Binding Corporation, a Delaware corporation (the "Corporation"), does hereby certify that:

FIRST: The names and states of incorporation of the constituent corporations to this merger are as follows:

| Name | State of Incorporation |
| --- | --- |
| General Binding Corporation | Delaware |
| Gemini Acquisition Sub, Inc. | Delaware |

SECOND: The Agreement and Plan of Merger, dated as of March 15, 2005, as amended as of August 4, 2005 (the "Agreement"), by and among Fortune Brands, Inc., a Delaware corporation, ACCO World Corporation, a Delaware corporation, Gemini Acquisition Sub, Inc. and the Corporation, has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations in accordance with Section 251 of the General Corporation Law of the State of Delaware.

THIRD: The name of the surviving corporation is General Binding Corporation (the "Surviving Corporation").

FOURTH: The Amended and Restated Certificate of Incorporation of the Surviving Corporation shall be amended to read in its entirety as set forth on Exhibit A attached hereto until thereafter changed or amended as provided therein or by applicable law.

FIFTH: The executed Agreement is on file at the office of the Surviving Corporation, the address of which is One GBC Plaza, Northbrook, Illinois, 60062-4195, the place of business of the surviving corporation. A copy of the Agreement will be provided by the Surviving Corporation, upon request and without cost, to any stockholder of either constituent corporation.

SIXTH: The merger is to become effective at 12:02 a.m. Eastern Time, on August 17, 2005.

EXHIBIT

A

PENGAD 800-631-6989

08/16/2005   17:39   SKARDEL INC. → 16965840913128279390                    NO.438   □08

IN WITNESS WHEREOF, the undersigned has caused this Certificate of Merger to be executed in its corporate name this _16_ day of August, 2005.

GENERAL BINDING CORPORATION

By:_____
Name: Steven Rubin
Title:  Vice President, Secretary and
General Counsel

2

08/16/2005　　17:39　　SKARDEL INC. → 16965840913128279390　　　　　　　　NO.438　　D09

**EXHIBIT A**

AMENDED AND RESTATED

CERTIFICATE OF INCORPORATION

OF

GENERAL BINDING CORPORATION

**FIRST:** The name of the Corporation is General Binding Corporation.

**SECOND:** The address of the Corporation's registered office in the State of Delaware is 2711 Centerville Road, Suite 400, Wilmington, New Castle County, Delaware 19808. The name of its registered agent at such address is Corporation Service Company.

**THIRD:** The nature of the business or purposes to be conducted or promoted are to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

**FOURTH:** The total number of shares of Common Stock that the Corporation shall have the authority to issue is 1,000 and the par value of each of such shares is $.0125.

**FIFTH:** The Board of Directors is authorized to adopt, amend or repeal the By-laws of the Corporation.

**SIXTH:** Any one or more directors may be removed, with or without cause, by the vote or written consent of the holders of a majority of the shares entitled to vote at an election of directors.

**SEVENTH:** Meetings of stockholders shall be held at such place, within or without the State of Delaware, as may be designated by or in the manner provided in the By-laws, or, if not so designated or provided, at the registered office of the Corporation in the State of Delaware. Elections of directors need not be by ballot unless and to the extent that the By-laws so provide.

**EIGHTH:** The Corporation reserves the right to amend, alter or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by statute, and all rights of stockholders herein are subject to this reservation.

**NINTH:** No director of the Corporation shall be liable for monetary damages resulting from a breach of his or her fiduciary duty as a director, except to the extent required by law as in effect at the time the claim of liability is asserted.

## PROMISSORY NOTE

$965,497                                         November 30, 2007
Maturity Date: February 29, 2008                 Lincolnshire, Illinois

FOR VALUE RECEIVED, Stopol, Inc. ("Maker") hereby promises to pay to General Binding Corporation ("Payee"), by February 29, 2008 (the "Maturity Date"), the principal amount of Nine Hundred Sixty-Five Thousand Four Hundred Ninety-Seven Dollars ($965,497), together with interest from and after February 29, 2008 on the unpaid principal balance from time to time outstanding, at Payee's address at 300 Tower Parkway, Lincolnshire, Illinois 60069, or at such other place as Payee may designate from time to time in writing. Payment hereunder shall be made in lawful money of the United States of America. All liabilities and obligations of Maker under this Note, including without limitation, the obligation to pay interest and principal, are hereinafter referred to as the "Obligations." This Note is being delivered concurrently with that certain Stock Purchase Agreement dated as of the date hereof by and between the Maker and Payee (the "Agreement"). Capitalized terms used but not defined herein shall be as defined in the Agreement.

Interest shall accrue on the unpaid principal balance hereof from time to time outstanding from and after the Maturity Date at the rate of nine percent (9%) computed on the basis of a three hundred and sixty-five (365) day year. Principal payments submitted in funds not available shall continue to bear interest until collected. If payment hereunder becomes due and payable on a Saturday, Sunday or legal holiday under the laws of the United States or the State of Illinois, the due date thereof shall be extended to the next succeeding business day, and interest shall be payable thereon at the rate specified during such extension.

Maker shall make periodic payments to Payee on the Note as it sells the Assets at the rate of eighty percent (80%) of the gross sales proceeds of each item of the Assets that Purchaser sells. Maker may, from time to time, prepay all or any portion of the principal due hereunder, together with the interest accrued thereon, without premium or penalty. This Note is subject to the security interest in the Assets granted by Maker under the Agreement, including without limitation, the right to take title to the Assets upon an Event of Default under Section 7.2(d) of the Agreement.

Maker, without notice or demand of any kind, shall be in default hereunder if (each, an "Event of Default"): (1) any of the Obligations is not paid within five (5) business days after the date due; or (2) Maker shall otherwise fail to perform any other material covenants or other obligations to be performed by Maker under this Note; or (3) Maker shall make an assignment for the benefit of creditors, or there shall be commenced by Maker or against Maker any bankruptcy, receivership, insolvency, reorganization, dissolution or liquidation proceedings; (4) any warranty, representation, certificate or statement of Maker to Payee in this Note, the Agreement or any other document furnished in connection therewith is untrue when made in any material respect; or (5) Maker shall breach any other material covenant or other material obligation under the Agreement and fail to cure such breach within thirty (30) days following notice thereof from Payee.

1670153v2/21033-27

PENGAD 800-631-6989

**EXHIBIT**

**B**

Whenever an Event of Default shall have occurred, without demand or notice of any kind the entire unpaid amount of all Obligations shall become immediately due and payable. Upon any Event of Default, without demand or notice of any kind Payee may exercise, from time to time, any and all rights and remedies available to Payee at law or in equity, including, without limitation any rights and remedies under the Uniform Commercial Code of Illinois, as in effect from time to time. No delay on the part of Payee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Payee of any right or remedy shall preclude other or further exercise thereof, or the exercise of any other right or remedy.

Maker warrants and represents to Payee that this Note is valid, binding and enforceable in accordance with its provisions, and no conditions exist to the legal effectiveness of this Note.

Maker may setoff against any amount owed hereunder the amount of any claim for indemnification or payment of damages to which Maker is entitled under the Agreement.

MAKER AND PAYEE (BY ACCEPTANCE OF THE BENEFITS HEREUNDER) KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE IRREVOCABLY THE RIGHT EITHER OR ANY MAY HAVE TO TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDINGS BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER DOCUMENT DELIVERED IN CONNECTION HEREWITH OR THEREWITH OR ANY TRANSACTION CONTEMPLATED HEREBY OR THEREBY OR ANY COURSE OF CONDUCT OR COURSE OF DEALING, IN WHICH PAYEE AND MAKER ARE ADVERSE PARTIES. THIS PROVISION IS A MATERIAL INDUCEMENT FOR PAYEE'S GRANTING ANY FINANCIAL ACCOMMODATION TO MAKER.

Maker waives any and all presentment, demand, notice of dishonor, protest, and all other notices and demands in connection with the enforcement of Payee's rights hereunder. No default shall be waived by Payee except in writing. No delay on the part of Payee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Payee of any right or remedy shall preclude other or further exercise thereof, or the exercise of any other right or remedy.

This Note, together with the Agreement, is the final expression of the intention of Maker and supersedes all negotiations, representations, warranties, commitments, offers, contracts (of any kind or nature whether oral or written) prior to or contemporaneous with the execution hereof. Except as set forth in the Agreement, no prior or contemporaneous representations, warranties, understandings, offers or agreements of any kind or nature, whether oral or written, have been made by Payee or relied upon by Maker in connection with the execution hereof. No modification, discharge, termination or waiver of any of the provisions hereof shall be binding upon Payee, except as expressly set forth in writing duly signed and delivered on behalf of Payee.

Neither this Note nor any of the rights, interests or obligations hereunder may be assigned or transferred by either Maker or Payee without the prior written consent of the other party, which may withhold such consent in its sole discretion, except that Payee may make such a transfer to a Payee affiliate upon written notice to Maker. This Note shall be binding upon

1670153v2/21033-27

Maker and its successors and permitted assigns, and shall inure to the benefit of Payee and Payee's successors and permitted assigns.

ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OF THE OTHER OBLIGATIONS SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN THE COURTS OF THE STATE OF ILLINOIS, OR IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS; PROVIDED THAT ANY SUIT SEEKING ENFORCEMENT AGAINST ANY PROPERTY MAY BE BROUGHT, AT PAYEE'S OPTION, IN THE COURTS OF ANY JURISDICTION WHERE SUCH PROPERTY MAY BE FOUND. MAKER HEREBY EXPRESSLY AND IRREVOCABLY SUBMITS TO THE JURISDICTION OF THE COURTS OF THE STATE OF ILLINOIS, AND OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS FOR THE PURPOSE OF ANY SUCH LITIGATION AS SET FORTH ABOVE.

This Note shall be governed and construed in accordance with the internal laws of the State of Illinois, in which state it shall be performed. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if a provision of this Note shall be prohibited by or be invalid under such law, such provisions shall be severable and be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note.

*Signature Page Follows*

3

1670153v2/21033-27

*Signature Page to Note*

IN WITNESS WHEREOF, Maker has caused this Note to be duly executed and delivered in Lincolnshire, Illinois, on the date first above written.

STOPOL, INC.

By: _____

Name: Neil F Kluschke JR

Title: CEO

A-4



EXHIBIT

C

PENGAD 800-631-6989

Stopol, Inc.
Schedule of payments, principal and interest due

| | Days | Total payment | Principal balance before payment | Principal payment | Principal balance after payment | 9.0% Interest expense | Accrued interest before payment | Interest payment | Accrued interest after payment | Ending total amount due |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/30/2007 | | (225,000.00) | 965,497.00 | (225,000.00) | 740,497.00 | | | | | 965,497.00 |
| 12/20/2007 | | (225,000.00) | 740,497.00 | (225,000.00) | 515,497.00 | | | | | 740,497.00 |
| 3/7/2008 | | | 515,497.00 | | 515,497.00 | | | | | 515,497.00 |
| 3/26/2008 | | | 515,497.00 | - | 515,497.00 | | | | | 515,497.00 |
| 4/29/2008 | 34 | (100,000.00) | 515,497.00 | (95,678.30) | 419,818.70 | 4,321.70 | 4,321.70 | (4,321.70) | - | 419,818.70 |
| 5/26/2008 | 27 | - | 419,818.70 | - | 419,818.70 | 2,794.96 | 2,794.96 | - | 2,794.96 | 422,613.66 |
| 5/27/2008 | 1 | - | 419,818.70 | - | 419,818.70 | 103.52 | 2,898.47 | - | 2,898.47 | 422,717.18 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL BINDING CORPORATION  )    CASE NO. 08-CV-3266
    )
        Plaintiff,  )
    )
  vs.  )
    )    AFFIDAVIT OF NEIL KRUSCHKE, JR.
STOPOL, INC.  )    IN SUPPORT OF JOINT JURISDICTIONAL
    )    STATUS REPORT
        Defendant.  )

NEIL KRUSCHKE, JR., being duly sworn and cautioned pursuant to law, hereby deposes and states as follows:

1.    I am over eighteen years of age, and I am making this affidavit based upon my own personal knowledge.

2.    I am the Chief Executive Officer of Stopol, Inc.

3.    Stopol, Inc. was incorporated in the State of Ohio in 1991.

4.    Stopol, Inc. continuously has maintained its principal place of business and executive offices in the City of Solon, Cuyahoga County, Ohio since 1991.

Further Affiant Sayeth Naught.

_____
NEIL KRUSCHKE, JR.

SWORN TO BEFORE ME and subscribed in my presence on this 3rd day of September 2008.

_____
NOTARY PUBLIC
JOSEPH A. SIMMS, ATTY.
NOTARY PUBLIC • STATE OF OHIO
My Commission Has No Expiration Date
Section 147.03 O.R.C.

Division of Corporations - Online Services                                         Page 1 of 1

 **State of Delaware** 
The Official Website for the First State

Visit the Governor  |  General Assembly  |  Courts  |  Other Elected Officials  |  Federal, State & L

State Directory  |  Help  |  Search Delaware [          ] [Go]          Citizen Services  |  Business Services  |  \

**Department of State: Division of Corporations**

HOME                  Frequently Asked Questions   View Search Results
About Agency
Secretary's Letter
Newsroom
Frequent Questions                          Entity Details
Related Links
Contact Us
Office Location

SERVICES                          **THIS IS NOT A STATEMENT OF GOOD STANDING**
Pay Taxes
File UCC's
Delaware Laws Online      File Number:      0638109      Incorporation Date /   **03/07/1966**
Name Reservation                                           Formation Date:       (mm/dd/yyyy)
General Information
Status                    Entity Name:      **GENERAL BINDING CORPORATION**
Validate Certificate
                          Entity Kind:      **CORPORATION**      Entity Type:   **GENERAL**
INFORMATION
Corporate Forms           Residency:        **DOMESTIC**           State:       **DE**
Corporate Fees
UCC Forms and Fees        **REGISTERED AGENT INFORMATION**
UCC Searches
Taxes
Expedited Services        Name:             **CORPORATION SERVICE COMPANY**
Service of Process
Registered Agents         Address:          **2711 CENTERVILLE ROAD SUITE 400**
Get Corporate Status
Submitting a Request      City:             **WILMINGTON**           County:    **NEW CASTLE**

                          State:            **DE**                   Postal Code:   **19808**

                          Phone:            **(302)636-5401**

                          Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
                          more detailed information including current franchise tax assessment, current filing history
                          and more for a fee of $20.00.

                          Would you like  ○ Status  ○ Status,Tax & History Information  [ Submit ]

                                          [ Back to Entity Search ]

                          To contact a Delaware Online Agent click here.

            site map  |  about this site  |  contact us  |  translate  |  delaware.gov

                                                      **EXHIBIT**

                                                         1

Doc ID --> H254_1149

H0254-1150



# The State of Ohio

## Bob Taft
Secretary of State

PD9730

 **Certificate**

It is hereby certified that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous

Filings; that said records show the filing and recording of:_____ A R F

_____ of:

STOPOL, INC.



**United States of America
State of Ohio
Office of the Secretary of State**

Recorded on Roll___ H254 ___at Frame__ 1151 ___ of
the Records of Incorporation and Miscellaneous Filings.

Witness my hand and the seal of the Secretary of State at
Columbus, Ohio, this _____9TH_____ day of _____FEC_____
A.D. 19 91 .

*Bob Taft*

**Bob Taft**
Secretary of State

SEC 6002 (Rev. 12-90)

EXHIBIT

2

PENGAD 800-631-6989

Doc ID -->      H254_1149

H0254-1151

## ARTICLES OF INCORPORATION

### OF

### STOPOL, INC.

9112091390
28
3/29/91
#15.00

### ARTICLE I.

#### Name

The name of said corporation shall be Stopol, Inc.

### ARTICLE II.

#### Principal Place of Business

The place in the State of Ohio where the principal office of the Corporation is to be located in Chagrin Falls in the County of Geauga.

### ARTICLE III.

#### Purposes

This Corporation is formed to engage in any lawful act or activity for which corporations may be formed under sections 1701.01 to 1701.98, inclusive, of the Ohio Revised Code, as now in effect or hereafter amended.

### ARTICLE IV.

#### Capital Stock

The maximum number of shares which the Corporation is authorized to have outstanding is Seven Hundred Fifty (750) shares of Common Stock, without par value.

Doc ID -->    H254_1149

H0254-1152

## ARTICLE V.

### Elimination of Preemptive Rights

No shareholder shall have any preemptive right, as such rights are defined by law, to subscribe for, purchase or acquire shares of any class, whether now or hereafter authorized.

## ARTICLE VI.

### Special Voting Requirements

Notwithstanding any provision of the Ohio Revised Code now or hereafter in force requiring for any action the vote or consent of the holders of shares entitling them to exercise two-thirds or any other proportion of the voting power of the Corporation or of any class or classes of shares thereof, such action may be taken by the vote or consent of the holders of shares entitling them to exercise a majority of the voting power of the Corporation or of such class or classes, unless a greater proportion of said voting power is expressly required by these Articles of Incorporation or the Code of Regulations of the Corporation.

## ARTICLE VII.

### Purchase of Stock

The Corporation shall have the power by action of its Board of Directors to purchase, hold, sell and transfer shares of its own capital stock.

The undersigned, being the sole incorporator of the Corporation has executed these Articles of Incorporation this 6th day of December, 1991, in accordance with the requirements of Ohio Revised Code sections 1701.01 to 1701.98, inclusive.

Neil E. Kruschke, Jr., Sole Incorporator

Page 4

Doc ID -->        H254_1149

H0254-1153

### ORIGINAL APPOINTMENT OF STATUTORY AGENT

The undersigned, being Incorporator of Stopol, Inc., hereby appoints HL Statutory Agent, Inc. to be statutory agent upon whom any process, notice or demand required or permitted by statute to be served upon the corporation may be served.

The complete address of the agent is:

        3300 BP America Building
        200 Public Square
        Cleveland, Ohio 44114-2301

Date:  December 6, 1991

                          Neil E. Kruschke, Jr., Sole Incorporator