UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL BINDING CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STOPOL, INC., ) <br> ) <br> Defendant. ) | Case No. 08-cv-3266 |

## JOINT INITIAL STATUS REPORT

Plaintiff General Binding Corporation ("GBC") and Defendant Stopol, Inc. ("Stopol") (collectively, the "Parties"), by their undersigned attorneys and pursuant to the Court's standing order, hereby make and file this, their Joint Initial Status Report and state:

### Nature of Claims and Counterclaims

This action is, at its core, a collection action against Stopol in relation to a promissory note executed by Stopol in favor of GBC (the "Note"). The Note was given to GBC for Stopol's purchase of 100% of the outstanding shares of VeloBind, Inc. from GBC pursuant to a Stock Purchase Agreement (the "SPA"). The Note, as amended by subsequent agreement of the parties, ultimately had a maturity date of March 26, 2006 (the "Maturity Date"). Stopol did not meet all of its payment obligations under the Note, and, as of the Maturity Date, there was an alleged outstanding balance of $515,497.00 due and owing to GBC under the Note's terms. Stopol made some periodic payments on the Note subsequent to the Note's Maturity Date, however, as of the date of the complaint in this matter (the "Complaint"), Stopol still had an alleged outstanding balance of $422,717.18 owing to GBC. The terms of the Note also provide that GBC is entitled to interest in the amount of 9% per year and such interest continues to

accrue against the outstanding balance due and owing to GBC.

In addition the SPA and Note contemplated an auction of VeloBind, Inc.'s assets. The SPA and Note provide that, to the extent that this auction generated proceeds in excess of $1,347,500.00, Stopol agreed to remit 25% of the excess proceeds to GBC (the "Contingent Payment"). To date, it is unknown to GBC whether the proceeds of the auction did exceed the $1,347,500.00 breakpoint.

GBC, thus, asserts the claims contained in its Complaint to recover the outstanding balance due and owing under the Note including the $422,717.18 (plus interest and attorneys' fees and costs) as well as the Contingent Payment to the extent that such payment has accrued.

### Relief Sought by Plaintiff

GBC seeks a money judgment against Stopol for the amounts due and owing under the Note, including the $422,717.18, the Contingent Payment (to the extent that one has been earned), as well as interest and attorneys' fees and costs.

### Names of Parties Not Served

All parties have been served in this action.

### Principal Legal Issues

The Parties anticipate that the principal legal issues are as follows:

(i)  whether the Note is enforceable between GBC and Stopol; and

(ii) whether Stopol is in default under the Note.

### Principal Factual Issues

The Parties anticipate that the principal factual issues are as follows:

(i)   the amount of payment from Stopol to GBC;

(ii)  the amount due and owing from Stopol to GBC;

(iii) whether the Contingent Payment is due and owing; and

    (iv)    the amount of interest that has accrued against the outstanding balance.

### List of Pending Motions and Summary

There are no pending motions before the Court.

### Description of Discovery Requested and Exchanged

The Parties have not yet engaged in formal or informal discovery.

### Type of Discovery Needed

The Parties anticipate that discovery will be needed regarding payment information, accounting information, and information relating to the auction contemplated by the SPA and Note.

### Proposed Dates

The Parties would propose the following dates in preparation for trial:

| | |
|---|---|
| Rule 26(a)(1) Disclosures | October 31, 2008 |
| Fact Discovery Completion | February 6, 2009 |
| Expert Discovery Completion | March 20, 2009 |
| Expert Reports Completion | May 22, 2009 |
| Dispositive Motions | July 10, 2009 |
| Final Pretrial Order | September 4, 2009 |

### Trial Date Estimation

The Parties believe that given the schedule outlined above, a reasonable estimated Trial Date would be October 5, 2009.

### Probable Length of Trial

The Parties estimate that Trial will take approximately 12 hours of court time.

## Jury Demand

A jury demand has not been filed in this matter.

## Settlement Discussions

The Parties have not engaged in any substantive settlement discussions to date.

## Magistrate Judge

The Parties would request and consent to proceed before a Magistrate Judge.

**Respectfully submitted,**

| GENERAL BINDING CORPORATION | STOPOL, INC. |
|---|---|
| By: /s/ Jeffrey Chang<br>    One of its Attorneys | By: /s/ Joseph S. Simms<br>    One of its Attorneys |
| Jonathan W. Young (#06204590)<br>*Trial Counsel*<br>Jeffrey Chang (#06292539)<br>WILDMAN, HARROLD, ALLEN & DIXON LLP<br>225 West Wacker Drive<br>Chicago, Illinois, 60606<br>Phone: 312-201-2000<br>E-Mail: young@wildman.com<br>         jchang@wildman.com<br><br>*Attorneys for General Binding Corporation* | Kenneth F. Berg (#3124027)<br>*Trial Counsel*<br>ULMER & BERNE LLP<br>1 North Franklin Street<br>Suite 1825<br>Chicago, Illinois, 60606<br>Phone: 312-324-8006<br>E-Mail: kberg@ulmer.com<br><br>*- and -*<br><br>Joseph S. Simms (Ohio Bar No. 0066584)[1]<br>ULMER & BERNE LLP<br>1660 West 2nd Street<br>Suite 1100<br>Cleveland, Ohio, 44113<br>Phone: 216-583-7000<br>E-Mail: jsimms@ulmer.com<br><br>*Attorneys for Stopol, Inc.* |

---

[1] Mr. Simms has been admitted *pro hac vice* to the Northern District of Illinois for the purposes of this action. *See* Doc. No. 16.